UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK SIRRIS,

                                  Plaintiff,

                                                                   Case # 15-CV-1003-FPG

v.

                                                                   DECISION AND ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                                  Defendant.
_____

      Mark Sirris ("Sirris" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied his application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. This Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

      Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 8, 9. For the reasons stated below, this Court finds that the Commissioner's decision is not in accordance with the applicable legal standards. Accordingly, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

      On March 18, 2014, Sirris protectively applied for SSI with the Social Security Administration ("the SSA"). Tr.[1] 109-117. He alleged that he had been disabled since November 1, 2013, due to depression, degenerative disc disease, anxiety, a left hand injury, suicidal tendencies, joint stiffness, and foot pain. Tr. 135. After his application was denied at

---

[1]     References to "Tr." are to the administrative record in this matter.

the initial administrative level, a hearing was held before Administrative Law Judge William M. Weir ("the ALJ") on February 6, 2015, in which the ALJ considered Sirris's application *de novo*. Tr. 34-57. Sirris appeared at the hearing and testified. *Id.* Jay A. Steinbrenner, a vocational expert ("VE"), also appeared and testified. Tr. 53-55. On April 10, 2015, the ALJ issued a decision finding that Sirris was not disabled within the meaning of the Act. Tr. 19-29. On September 23, 2015, that decision became the Commissioner's final decision when the Appeals Council denied Sirris's request for review. Tr. 1-6. Thereafter, Sirris commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I.    District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

**II.     Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f). The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate

that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed Sirris's claim for benefits under the process described above. At step one, the ALJ found that Sirris had not engaged in substantial gainful activity since the application date. Tr. 21. At step two, the ALJ found that Sirris has the following severe impairments: general anxiety and depressive disorders, cervicalgia, and lumbago. Tr. 21. At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 21-23.

Next, the ALJ determined that Sirris retained the RFC to perform light work[2] but that he cannot work above Specific Vocational Preparation ("SVP") level 2.[3] Tr. 23-27. At step four, the ALJ relied on the VE's testimony and found that this RFC prevents Sirris from performing his past relevant work as a general contractor, painter, building maintainer, and maintenance supervisor. Tr. 27. At step five, the ALJ relied on the VE's testimony and found that Sirris is capable of making an adjustment to other work that exists in significant numbers in the national

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

[3] The Dictionary of Occupational Titles ("DOT") lists an SVP time for each described occupation, which refers to how long it takes a worker to learn how to do his or her job at an average performance level. An SVP of 1 to 2 corresponds to unskilled work. S.S.R. 00-4p, 2000 WL 1898704, at *3 (S.S.A. Dec. 4, 2000).

economy given his RFC, age, education, and work experience. Tr. 28. Specifically, the VE testified that Sirris could work as a small products assembler and a stock checker. *Id.* Accordingly, the ALJ concluded that Sirris was not "disabled" under the Act. Tr. 28-29.

## II.     Analysis

Sirris argues that remand is required because the ALJ erred when he gave little weight to the opinion of Licensed Master Social Worker ("LMSW") Raymond Lorigo ("Mr. Lorigo"). ECF No. 8-1, at 12-17. The Commissioner maintains that the ALJ properly weighed Mr. Lorigo's opinion. ECF No. 9-1, at 13-16.

A social worker is considered an "other source" rather than an "acceptable medical source," and thus his or her opinion is not presumptively entitled to controlling weight. *Seignious v. Colvin*, No. 6:15-cv-06065 (MAT), 2016 WL 96219, at *6 (W.D.N.Y. Jan. 8, 2016) (citing S.S.R. 06-03p, 2006 WL 2329939, at *2-3 (S.S.A. Aug. 9, 2006)); 20 C.F.R. §§ 416.913(a), (d). Nonetheless, opinions from "other sources" are "important" and "should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." S.S.R. 06-03p, 2006 WL 2329939, at *3 (S.S.A. Aug. 9, 2006). An ALJ must weigh opinions from other sources based on: (1) whether the source examined the claimant; (2) whether the opinion was rendered by a treating source; (3) whether the source presented relevant evidence to support the opinion; (4) whether the opinion is consistent with the record as a whole; (5) whether the opinion was rendered by a specialist in his or her area of expertise; and (6) other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 416.927(c)(1)-(6). The ALJ should "explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision

allows a claimant or subsequent reviewer to follow the [ALJ]'s reasoning[.]" S.S.R. 06-03p, 2006 WL 2329939, at *6 (S.S.A. Aug. 9, 2006).

Mr. Lorigo opined that "it is highly doubtful [Sirris] would be able to return to competitive employment" because his "significant mental health issues" "severely impact his ability to work." Tr. 292. In his decision, the ALJ gave "little weight" to Mr. Lorigo's opinion for three reasons: (1) Mr. Lorigo is not an "acceptable medical source" under the SSA's regulations; (2) Mr. Lorigo's opinion "made no mention of [Sirris]'s ongoing marijuana use"; and (3) Mr. Lorigo's opinion was "inconsistent" with Sirris's Global Assessment of Functioning ("GAF") score of 55 that was assessed at a psychiatric consultation with Sanjay Gupta, M.D. Tr. 26. The ALJ did not acknowledge the treating relationship between Mr. Lorigo and Sirris (see Tr. 293, which indicates that they had numerous one-on-one counseling sessions together) or mention any of the other factors described above. Tr. 293.

Instead, the ALJ improperly discounted Mr. Lorigo's opinion simply because he was not an "acceptable medical source." *See, e.g.*, *Canales v. Comm'r of Soc. Sec.*, 698 F. Supp. 2d 335, 344-45 (E.D.N.Y. 2010) (finding that the ALJ erred when he disregarded an opinion "simply because it was the opinion of a social worker, not on account of its content or whether it conformed with the other evidence in the record" and remanding for consideration of that opinion with an explanation that complies with the requirements of S.S.R. 06-03p).

The ALJ also discounted Mr. Lorigo's opinion because it "made no mention of [Sirris]'s ongoing marijuana use." Tr. 26. Although marijuana use was not discussed in the letter that the ALJ cites (Tr. 292), Mr. Lorigo's treatment notes *do* indicate that Sirris used marijuana. Tr. 210-11, 214. On March 26, 2014, Mr. Lorigo indicated that Sirris abuses drugs and alcohol, smoked marijuana for the first time when he was 12, has not used marijuana in the last 30 days, and

6

typically uses one joint. Tr. 210, 219, 309, 318. Mr. Lorigo noted that Sirris "has used marijuana to relax," but he opined that Sirris "does not meet criteria for marijuana abuse or dependence." Tr. 211, 310. Nonetheless, it is unclear to this Court how whether Mr. Lorigo "mentioned" Sirris's marijuana use in his opinion is relevant to determining what weight to assign to that opinion. It does not align with any of the factors set forth in the regulations and does not explain the ALJ's decision to afford "little weight" to Mr. Lorigo's opinion.

Finally, the ALJ discounted Mr. Lorigo's opinion because he found it "inconsistent" with a single GAF score of 55. Tr. 26 (citing Tr. 295). This an improper reason to discount the opinion, because courts in the Second Circuit have noted that GAF scores are of little probative value in the disability context. This is because such scores do "not have a direct correlation to the severity requirements in [the Commissioner's] disorders listings." *Seignious*, 2016 WL 96219, at *6 (citations omitted). Moreover, a GAF score of 55 is not necessarily inconsistent with disabling limitations. *Daniel v. Astrue*, No. 10-CV-5397 (NGG), 2012 WL 3537019, at *10 (E.D.N.Y. Aug. 14, 2012) (noting that the doctor's assessed "GAF score of 55, while relevant, does not contradict his ultimate finding that [the plaintiff] was disabled and unable to work[.]") (citing Revised Medical Criteria for Evaluating Mental Disorders & Traumatic Brain Injuries, 2000 WL 1173632, at *50764 (S.S.A. Aug. 21, 2000)).

The Commissioner argues that the ALJ properly weighed Mr. Lorigo's opinion because it directly conflicts with the opinion of consultative psychiatric examiner Janine Ippolito, Psy.D., and with Sirris's reported daily activities. In his decision, however, the ALJ does not use either of these reasons to discount Mr. Lorigo's opinion. Thus, the Commissioner's argument fails because she may not substitute her own rationale to save the ALJ's inadequate decision. *See Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("A reviewing court may not accept appellate

7

counsel's *post hoc* rationalizations for agency action.") (internal quotation marks and citation omitted).

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 9) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000).  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: October 19, 2016
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court